IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BERYL WAYNE RAGAN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-12-1298-F |
| ) | |
| ANN TANDY, et al, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner appearing *pro se*, has filed this action under 42 U.S.C. § 1983 alleging various violations of his constitutional rights. Pursuant to an order entered by United States District Judge Stephen P. Friot, this matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C § 636(b)(1)(B). On December 6, 2012, the undersigned entered an order granting Plaintiff's Motion to Proceed *In Forma Pauperis,* ECF Nos. 2, 5, but ordered Plaintiff to pay an initial partial filing fee of $45.29. Plaintiff was advised that if he did not desire the collection of the filing fee as set out above, he could voluntarily dismiss this action in accordance with Fed.R.Civ.P. 41(a) on or before December 26, 2012, without incurring any fees or costs. Plaintiff was further cautioned that the undersigned would recommend that the action be **DISMISSED** without prejudice if Plaintiff failed to comply with his obligation to make the initial partial payment.

On December 12, 2012, Plaintiff filed a "Notice" entitled "Proposition for the Court Concerning Plaintiff's Pauperis Status." ECF No. 6. Therein, he claimed that the

certification of institutional accounts relied upon by the undersigned in requiring partial prepayment of $45.29, includes funds in his mandatory savings account to which he has no access. The Court construed this "Notice" as a motion to reconsider the order granting *in forma pauperis,* ECF No. 5. On December 20, 2012, the undersigned entered an Order, ECF No. 7, advising Plaintiff, that contrary to his assertion, Oklahoma Department of Corrections Policy 120230.I.A.2 allows Mandatory Savings Account balances to be used to pay fees and/or court costs associated in filing a civil or criminal action. Accordingly, the undersigned did not alter the previous order granting *in forma pauperis* status, including the requirement that Plaintiff make an initial partial payment toward the filing fee by the stated deadline. The Clerk of Court was directed to provide two copies of that order, as well as another copy of the earlier order granting Plaintiff's motion for leave to proceed *in forma pauperis* to facilitate Plaintiff's efforts to comply with the requirement that he prepay $45.29 of the filing fee before proceeding with this action.

As of this date, over two months after the time for doing so has passed, Plaintiff has failed to pay the filing fee as required. Thus, the action is subject to dismissal without prejudice to refiling. Local Civil Rule 3.4  Local Civil Rule 3.4(a); *Cosby v. Meadors*, 351 F.3d 1324, 1326-33 (10th Cir. 2003) (upholding dismissal of civil rights complaint based on noncompliance with orders requiring installments on the filing fee or to show cause for the failure to pay). *See also Kennedy v. Reid,* No. 06-1075, 208 Fed. Appx. 678 (10th Cir. Dec. 13, 2006) (finding no abuse of discretion in district

court's dismissal without prejudice of section 1983 action due to litigant's failure to timely pay initial filing fee); *Campanella v. Utah County Jail*, Nos. 02-4183, 02-4215, 02-4235, 78 Fed. Appx. 72, 73 (10th Cir. Oct. 10, 2003) (same).  Moreover, under Fed. R. Civ. P. 41(b) a district court may dismiss an action because the plaintiff fails to comply with a court order requiring partial payments. *Cosby*, 351 F.3d at 1327.

## **RECOMMENDATION**

In light of the forgoing, the undersigned hereby recommends that this action be **DISMISSED** without prejudice for Plaintiff's failure to pay the initial filing fee as ordered by the Court. Plaintiff is advised that any objections to this Report and Recommendation must be filed with the Clerk of this Court on or before **April 2, 2013**, in accordance with 28 U.S.C § 636 and Federal Rule of Civil Procedure 72. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both the factual findings and the legal issues decided herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation **disposes of all issues** referred to the Magistrate Judge in the captioned matter.

**ENTERED** on March 15, 2013.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE